UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN EARL VIVIAN,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No.  2:16-cv-227-KJN<br><br>ORDER |

Presently pending before the court is plaintiff's motion for leave to proceed without the prepayment of fees and costs, also referred to as *in forma pauperis*, pursuant to 28 U.S.C. § 1915.[1]  (ECF No. 2.)  The affidavit in support of the motion indicates that plaintiff and his wife have a combined monthly income of approximately $3,679.00, i.e., $44,148.00 annually.  According to the United States Department of Health and Human Services, the poverty guideline for a household of 2 people not residing in Alaska or Hawaii is $16,020.00 for 2016.  See https://aspe.hhs.gov/poverty-guidelines.  Thus, plaintiff's gross household income is far in excess of 200% of the 2016 poverty guideline.

---

[1] This case was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15).

1

Presently, a filing fee of $400.00 is required to commence a civil action in this court. The court may authorize the commencement of an action "without prepayment of fees or security therefor" by a person that is unable to pay such fees or provide security therefor. 28 U.S.C. § 1915(a)(1). Here, the court cannot find that plaintiff is unable to pay, or provide security for, the court filing fee. To be sure, the court is sympathetic to the fact that plaintiff does not have a large income by any measure, and that plaintiff also has several expenses to contend with. However, numerous litigants in this court have significant monthly expenditures, and may have to make difficult choices as to which expenses to incur, which expenses to reduce or eliminate, and how to apportion their income between such expenses and litigating an action in federal court. Such difficulties in themselves do not amount to indigency.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is denied.
2. Within 28 days of this order, plaintiff shall pay the applicable filing fee. However, the court will entertain a request for a reasonable extension of time to pay the fee should such an extension be necessary.
3. Failure to timely pay the filing fee, or timely request an extension of time to do so, may result in dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: March 7, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE